James H. O’Connor, J.
The plaintiff moves this court for an order directing that the defendant’s answer be stricken and that summary judgment be granted in his favor in the sum of $6,204.84.
The facts may be summarized as follows: On March 30, 1967 an application was made to the Court of Probate for the District of Norwich, in the State of Connecticut, for the commitment of Thomas F. O’Brien to the Norwich Hospital because of his mental illness. Thereupon and on April 11, 1967 an order of commitment was issued by the Court of Probate committing the s,aid Thomas F. O’Brien to the Norwich Hospital. The order of commitment stated: 1 ‘ there he shall be confined so long as such person continues to be mentally ill and in need of care and treatment therein ’ ’. At the time of the commitment the said Thomas F. O’Brien had on deposit with the Hartford National Bank and Trust Company, Colchester office, the sum of $5,492.09. In addition, he had ,on deposit with the Dime Savings Bank of Norwich, Connecticut, the further sum of $712.75. The defendant had on file with the Dime Savings Bank a power of attorney executed by Thomas F. O’Brien.
On May 25, 1967, the defendant withdrew the full sum on deposit at the Hartford National Bank and Trust Company, pursuant to .a withdrawal slip purportedly signed by his brother, Thomas F. O’Brien. Thereupon and on July 24, 1967, the defendant withdrew the entire sum of $712.75 from the Dime Savings Bank pursuant to the power of attorney which had been given to him by his incompetent brother.
It is the contention of the plaintiff on this motion for summary judgment that Thomas F. O’Brien had been adjudicated an incompetent on April 11, 1967 and therefore was not able to deal with his property. Furthermore it is claimed that the power of attorney granted to (the defendant becomes null and void upon the adjudication of incompetency.
On October 24, 1967 the Probate Court of the Town of Colchester appointed the plaintiff, Joseph A. Broder, conservator, of the incompetent’s estate, decreeing that the said Thomas F. O ’Brien was incapable of managing his affairs.
The question presents itself at the outset concerning the law to be applied in resolving this motion. Under the applicable confliet-of-laws principles, the New York cases apply the law of that jurisdiction which has the most significant contacts with the matter in. dispute. (Auten v. Auten, 308 N. Y. 155.) This grouping of contacts theory of the conflict of laws has recently been applied by the New York Court of Appeals to torts as well as contracts. (Babcock v. Jackson, 12 N Y 2d 473.)
*1041 Both transactions which form the basis of the instant suit occurred in the State of Connecticut and the incompetent was committed to a mental institution for mental illness pursuant to the General Statutes of the State of Connecticut, particularly section 17-178 of the Connecticut General Statutes Annotated, Therefore, it is this court’s decision that the law of the State of Connecticut should be applied to determine whether or not as a matter of law the said Thomas F. O’Brien was incapable of dealing with his defendant brother after his commitment to a mental institution but prior to the appointment of a conservator to manage his affairs. The law of the State of Connecticut seems to indicate that he was not so incapable as a matter of law.
In the case of Doris v. McFarland (113 Conn. 594) the Supreme Court of Errors of Connecticut discussed this narrow issue. The court held that once a conservator is appointed any contracts of his ward are not simply voidable but absolutely void. The court distinguished the legal effect between a conservatorship and an insanity commitment by indicating that an insanity commitment rendered the ward’s contracts voidable only and not absolutely void. (See, also, Coburn v. Raymond, 76 Conn. 484, 488; Nichols v. Nichols, 79 Conn. 644.)
Therefore, this court cannot say as a matter of law that Thomas F. O’Brien was incapable of executing the withdrawal slip upon which his defendant brother obtained the funds in question nor that the power of attorney was absolutely void because of his confinement to a mental institution.
It is this court’s decision that bona fide questions of fact exist as to the mental condition of Thomas F. O’Brien at the time of the withdrawals. These can only be determined after a full and plenary trial. As this court understands the Connecticut law, this result would not follow if the defendant brother had withdrawn the funds after the appointment of the conservator.